Lucas Sánchez, etc., Petitioner, *v.* District Court of San Juan, Respondent.

No. 1581. Submitted January 18, 1945.—Decided January 30, 1945.

*Angel Muñoz Igartúa* for petitioners. *Benicio Sánchez Castaño* for the defendant in the main action.

Mr. Chief Justice Travieso delivered the opinion of the court.

The petitioner herein, mother of the child Aida Rosa Sánchez, filed, in the District Court of San Juan, a complaint against José Velilla, setting forth two causes of action. In the first she alleged that said child was the issue of sexual relations which existed between the plaintiff and the defendant while they both lived together in concubinage; and in the second, that, notwithstanding the fact that the defendant was well-off, receiving a monthly income in excess of $250, he had been giving his daughter a monthly allowance of only $5. Prayer was made for a judgment declaring said child an acknowledged natural daughter of Velilla and adjudging the latter to pay a monthly allowance of not less than $50 for the support of his daughter, together with costs and attorney's fees.

The defendant filed two motions. In the first he prayed that the complaint be dismissed because it did not state facts sufficient to constitute a cause of action and because of the joinder of the action of filiation with the one for maintenance and support. By the second motion it was sought to strike out the second cause of action on the ground that the

same was "immaterial, unnecessary, and impertinent and was not a part of the main action of filiation brought." After both motions were heard, the first one was denied, as the court concluded that the facts alleged in the first cause of action were sufficient. The second motion was sustained and the second cause of action was stricken out, on the following grounds:

"Since it is logical to assume that before the defendant can be compelled to support the plaintiff, the latter must be declared by the court to be the former's daughter, with all the rights and duties pertaining to such acknowledgment, it is not venturesome to hold that, in view of the pendency of a litigation involving that question, it would seem premature to grant the relief sought by the second cause of action which, as aptly stated by the defendant, is not really an essential element of the action of filiation brought.

"On the other hand, if, as alleged in said second cause of action, the defendant is furnishing support for the minor, although not as 'liberally' as he might do it, we infer that an issue is sought to be raised as to whether or not the allowance now furnished is sufficient, which issue must be settled in another proceeding.

"Should such an allegation be allowed to stand as a part of the complaint herein, this would require the admission of evidence regarding the sufficiency of the allowance now being furnished by the defendant, the financial position of the latter, etc., thus compelling the defendant to go into a matter which is extraneous to the action of filiation and which would prove of no avail whatsoever if the court should eventually dismiss the first cause of action."

In the petition filed in this court, the petitioner asks us to review and set aside the decision of the court *a quo*, and alleges that that court erroneously construed the law and violated the provisions of Rule 18 of the Rules of Civil Procedure for the Courts of Puerto Rico, in force since September 1, 1943.

The question to be decided is whether it is proper to join in the same complaint an action of filiation with one for maintenance and support.

Subdivision (*a*) of Rule 18, cited by the petitioner provides that "the plaintiff in his complaint . . . and the de-

fendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims as he may have against an opposing party''; and subdivision (*b*) provides that "whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money.''

The Legislature of Puerto Rico, by virtue of Act No. 9, approved April 5, 1941, empowered this Supreme Court to regulate judicial proceedings in all the insular courts, through rules which it shall promulgate and put in force from time to time, for the purpose of simplifying said proceedings and of promoting the prompt administration of justice. Mindful of that fundamental purpose of the Act, this court promulgated and put in force Rule 18 which, perhaps to a greater extent than any of the other rules, tends to simplify the proceedings and expedite the administration of justice. The language of said rule is so clear that a slight reading of its provisions is sufficient to know exactly its meaning and scope.

The minor Aida Rosa Sánchez sets up two causes of action against the same person: the man who, according to her, is her father. By the first cause of action she seeks to be declared an acknowledged natural daughter of the defendant, with all the rights incident to that status; and by the second, and as a consequence of the first, she seeks to compel her father to furnish the necessary amount for her support. Both actions may be, as they were in this case, joined in a single complaint; but subject, of course, to the limitation contained in subdivision (*b*) of the said Rule 18, that is, that the lower court could not sustain the second cause of ac-

tion and adjudge the defendant to pay an allowance for support without first sustaining the first cause of action declaring the plaintiff an acknowledged natural daughter of the defendant. If Rule 18(*b*) expressly allows a money claim by *A* against *B* to be joined with another action, brought by *A* to set aside a fraudulent conveyance of property made by *B* in favor of *C*, to which action *C* is an indispensable party, which he is not as to the first cause of action, we see no reason why two causes of action such as the one set up in this case, both affecting the same parties and one being a consequence of the other, can not be joined in the same complaint. Were we to hold that the plaintiff in this case is bound to file two separate complaints and that she can not bring the action for maintenance and support until a final and enforceable judgment has been rendered declaring her a natural child of the defendant, we would be complicating the proceedings and delaying the administration of justice. See *Atlantic Lumber Corporation* v. *Southern Pac. Co. et al.*, (Dec. 23, 1941) Dist. C. of Oregon, 2 Fed. Rules Dec., p. 313; *Bee Mach. Co. Inc.* v. *Freeman*, D. C. of Mass., Nov. 5, 1943, 3 Fed. Rules Dec., p. 310; *Munzer* v. *Swedish American Line*, 30 Fed. Supp. 789.

The order sought to be reviewed, rendered on December 17, 1944, is erroneous and should be set aside, and the case remanded to the lower court for further proceedings not inconsistent with this opinion.